## APPEALS OF LaSALLE PORTLAND CEMENT CO.

Docket Nos. 5158–5159.   Decided July 27, 1926.

Upon the evidence, *held*, that the taxpayer is not entitled to deduct its liability on account of unreturned bags in making its income and profits-tax returns for the taxable years.

*F. Carroll Taylor, Esq.*, for the petitioner.
*Joseph K. Moyer, Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, and ARUNDELL.

The Commissioner has asserted deficiencies in income and profits taxes for the year 1918 and the period ended May 31, 1919, in the amounts of $23,059.44 and $5,825.70, respectively. Two appeals involving identical questions of fact and of law were filed, and, by agreement of counsel, were consolidated for hearing. Other questions raised in Docket No. 5158 have been settled by stipulation. The deficiency for 1918 arises from the Commissioner's restoration to gross income of taxpayer's deductions, as follows:

(1) Fund to meet payment for returned bags_____ $38,526.54
(2) Salary of Fritz Worm_____ 1,979.91
(3) Depreciation _____ 3,502.99

The Commissioner concedes item No. 2, and taxpayer has withdrawn its appeal as to item No. 3. Item No. 1, only, remains for the consideration of the Board. This and the deficiency for 1919 involve the same questions of fact and law.

### FINDINGS OF FACT.

1. The taxpayer was an Illinois corporation engaged in the manufacture and sale of Portland cement at LaSalle, Illinois.

2. The petitioner sold and shipped its cement in cotton bags. Whenever a sale was made a contract was signed by the terms of which the purchaser was to pay a certain price, " arbitrarily determined," for the bags and was to receive the same price for all bags returned by him in usable condition. While the prices were arbitrarily fixed, their determination was governed by the market price of bags. They do not appear to have been much, if any, below or above the market prices.

3. The petitioner kept a separate account on its books denominated " Clothbags Account," showing for each month the number of bags shipped to and received from its customers. At the close of the taxable year it ascertained its obligations on account of unreturned bags, as fixed by the contracts, in excess of such obligations at the beginning of the year, and claimed a deduction of 92 per cent of this amount from its gross income for the year. This claim was disallowed by the Commissioner.

4. For the year 1918 the excess of its obligations on account of bags at the close of the year over that at the beginning was $41,959.29, and that for January 1 to May 31, 1919, was $6,172.90. The petitioner claimed a deduction of 92 per cent of these from its gross income. It now claims 89.9 per cent.

5. The deficiencies asserted in the original notice are $23,059.44 for 1918, and $5,825.70 for 1919. The taxes, however, were assessed under the provisions of sections 327 and 328 of the Revenue Act of 1918, and the taxpayer concedes that if its claim be allowed it would not then be entitled to the benefits of these provisions.

OPINION.

LANSDON : There is no contention as to what constitutes the gross income of the taxpayer. To be entitled to the deduction contended for, it must bring its case within the purview of section 234 or 236 of the Revenue Act of 1918. Section 234 (a) consists of 14 paragraphs. The case is clearly not within the purview of paragraphs (2) to (14). Paragraph (1) with its introductory clause is:

Sec. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered, and including rentals or other payments required to be made as a condition to the continued use or possession of property to which the corporation has not taken or is not taking title, or in which it has no equity,

To bring its claim within this provision of law it must show that the money to be paid for the bags on their return is a necessary expense paid or incurred during the taxable year.

For some reason, whether to avoid waste, to keep in close touch with its customers, or, whatever it may have been, the company charged the purchaser an arbitrary amount, determined by itself, for each bag, and contracted with the purchaser that it would pay him that amount for each bag returned in usable condition. It manufactured the cement and bought the bags. Then it sold both and received pay for both. Thus far the bags were simply merchandise. The contract with the purchaser was practically unilateral. He was under no legal obligation to return the bags. He might keep them, sell them to someone else, or return them, as he chose. But the company obligated itself to pay him a specified price for each usable bag returned.

On receipt of returned bags they were inspected and payment was made for such as were usable. They were then cleaned, repaired, and placed in stock for further use. If the company had not bought them it would have been under the necessity of buying elsewhere. More nearly than anything else, they were merchandise bought and sold, bought again, placed in stock and sold again. The liability of the taxpayer was only a liability to receive and pay for them when received. The whole transaction was an exchange of commodities—the receipt of so much and the payment of so much in return— a *quid pro quo* in each case and not "an ordinary and necessary expense." The obligation to pay for them when received was not itself an expense.

The transaction is clearly not within the purview of section 236.

The taxpayer has withdrawn its claim for depreciation, and the Commissioner admits error in disallowance of taxpayer's claim for a deduction of $1,979.91 on account of salary paid Fritz Worm, one of the company's employees, for the year 1918, if the claim was actually disallowed. Proper adjustment should be made.

> *Order of redetermination will be entered on 15 days' notice, under Rule 50.*

STERNHAGEN and SMITH concur in the result only.